CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 15 2010

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RONALD JEROME JONES, ) | |
| Petitioner, ) | Civil Action No. 7:10-cv-00426 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| BRYAN WATSON, ) | By: Samuel G. Wilson |
| Respondent. ) | United States District Judge |

This is a petition for writ of habeas corpus by Ronald Jerome Jones pursuant to 28 U.S.C. § 2254 challenging his conviction in the Circuit Court of Rockingham County for second-degree murder. Jones alleges trial court error, prosecutorial misconduct, and ineffective assistance of counsel. The Virginia courts found that one of Jones's trial court error claims and his prosecutorial misconduct claim were defaulted under Slayton v. Parrigan, 205 S.E.2d 680 (1974), and that his remaining claims lack merit. This court finds that the Supreme Court of Virginia's adjudication of Jones's ineffective assistance of counsel claims was neither contrary to, nor involved an unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of the facts. The court also finds that Jones's remaining claims are barred from federal habeas review. Therefore, the court grants respondent's motion to dismiss.

I.

A jury in the Circuit Court of Rockingham County found Jones guilty of murder in the second-degree, and the court sentenced him to forty years in prison. In the light most favorable to the Commonwealth, the evidence demonstrates that the victim was dating Jones and that they lived together at a hotel in Harrisonburg, Virginia. One evening, a verbal altercation became physical and Jones struck the victim five or six times in the face and head with an open hand and five or six more times with a closed fist, struck her in the back with his elbow causing her to drop to the ground, and

kicked her as many as ten times with considerable force in the face, head, and upper body. Emergency personnel transported the victim to the hospital. She was in a coma and was nearly unrecognizable because of severe swelling and bruising, and died at the hospital. Dr. Marcella Fierro, who at the time of the trial was the Deputy Chief Medical Examiner for the Central District of Virginia, and who performed an autopsy testified at trial that the victim died of pneumonia, which developed as a complication of her head injuries. According to Dr. Fierro, "[t]he injury that set this whole lethal train of events in motion was the injury to her head. She would have had no pneumonia without the head injury." The jury found Jones guilty of second-degree murder.

Jones appealed his conviction to the Court of Appeals of Virginia, claiming that the trial court erred in allowing Dr. Fierro, a medical expert, to render an opinion which Jones alleged was based on facts not in evidence. The court denied his petition and affirmed his conviction. Jones appealed that denial to the Supreme Court of Virginia raising the same claim, and the court refused his petition. Jones then filed a state habeas petition in the Supreme Court of Virginia alleging that:

1. The trial court erred in allowing the expert to testify on the "ultimate issue;"

2. The trial court erred in allowing the expert to base her opinion on facts not in evidence;

3. The prosecutor withheld exculpatory evidence;

4. Counsel was ineffective in failing to seek a continuance to examine the medical records;

5. Counsel was ineffective in failing to "ask the judge for impeachment of the Commonwealth['s] two eye-witnesses who gave prior inconsistent statements" and failing present these claims on appeal; and

6. Counsel was ineffective in failing to object to testimony on the "ultimate issue."

The Supreme Court of Virginia dismissed Jones's petition on September 1, 2010, finding that

2

Jones's claims that the trial court erred in allowing the medical examiner to testify at trial on the "ultimate issue of the case" and his claim that the prosecutor withheld exculpatory evidence were barred under Slayton v. Parrigan, 205 S.E.2d 680 (1974), which holds that claims that can be raised at trial and on direct appeal but are not procedurally defaulted; that his claim that the trial court erred in allowing the medical expert to base her opinion on facts not in evidence was barred from state habeas review because the issue was raised and decided in the trial court and on direct appeal; and that Jones's claims of ineffective assistance of counsel failed under Strickland v. Washington, 466 U.S. 668 (1984). Jones, in turn, filed his current federal habeas petition, raising the same claims he raised in his state habeas petition.

## II.

Jones claims that counsel provided ineffective assistance in failing to seek a continuance to examine medical records, impeach two eyewitnesses, and object to testimony on the "ultimate issue." The Supreme Court of Virginia adjudicated and rejected these claims on the merits, finding that they failed under both the "performance" and "prejudice" prongs of the two-part test established in Strickland, 466 U.S. at 668. This court finds that the state court's adjudication of these claims was neither contrary to, nor involved unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of the facts.[1] Accordingly, the court dismisses those

---

[1] Jones's petition is governed by 28 U.S.C. § 2254 and Chapter 154 of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. §§ 2261-66. In almost all circumstances, petitioners under § 2254 must exhaust all available state court remedies before seeking relief in federal court. § 2254(b). When reviewing a claim adjudicated on the merits by a state court a federal court may grant habeas relief only if the state court adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." §§ 2254(d)(1)-(2). A state court adjudication is considered contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court decision unreasonably applies clearly established federal law if the court identifies the correct legal

claims.

To establish an ineffective assistance claim, a habeas petitioner must show that counsel's performance was deficient and that the deficiency prejudiced his defense. Strickland, 466 U.S. at 687. To prove deficient performance, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness." Id. at 688. There is a strong presumption that an attorney is acting reasonably. Id. at 688-89. To prove prejudice, a petitioner must demonstrate that but for his attorney's errors, there is a reasonable probability that the outcome of the proceeding would have been different. Id. at 694. A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." Id.

When evaluating claims of ineffective assistance of counsel, federal habeas relief "may be granted only if the state-court decision unreasonably applied the more general standard for ineffective-assistance-of-counsel claims established by Strickland . . . ." Knowles v. Mirzayance, 129 S. Ct. 1411, 1419 (2009). "Under the doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard," "[t]he question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold.'" Id. at 1420 (quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)). "And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied the standard." Id.

---

principle, but unreasonably applies it to the facts of the case. Id. at 413. It is not enough that a state court applied federal law incorrectly; relief may only be granted if the application of federal law is unreasonable. Id. at 411. Factual determinations made by the state court are "presumed to be correct," and the petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence." § 2254(e)(1).

*A. Failure to request a continuance to examine medical records*

Jones alleges that counsel was ineffective in failing to request a continuance after receiving the victim's medical records during the second day of a two-day trial. Jones claims that without time to study the records, counsel was unable to "discredit[] most of Dr. Fierro['s] testimony." The Supreme Court of Virginia rejected this claim, finding that it failed both prongs of Strickland because

> [t]he record, including trial transcripts, demonstrates eyewitnesses observed [Jones] beating the victim and kicking her forcefully in the head, and that upon arrival at the hospital, the victim was nearly unrecognizable due to the swelling and bruising on her face. Dr. Fierro performed the autopsy and noted the victim had brain damage to the structure that controls breathing. While the damage was enough to cause coma or death, the victim died from pneumonia resulting from the head injury. The expert acknowledged the victim's history of seizures, but opined that there was no evidence that the severe injuries the victim suffered could have resulted from a seizure. The expert testified that while she did rely on medical records in part, the records were unnecessary to prove the victim had been beaten. [Jones] acknowledged the records did not become a part of the record and does not provide them to establish they would have discredited the expert's testimony as he contends. Thus, [Jones] failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.

Here, Jones still does not provide the victim's medical records and, although he alleges that medical records would have shown that the victim suffered from "a hematoma that caused her to have seizures," he has not demonstrated how this alleged evidence would have discredited Dr. Fierro's testimony. Dr. Fierro testified that the hematoma was caused by blows to the head. Dr. Fierro also made clear that a seizure could not have caused the victim's injuries, even if combined with alcohol use, and in any event, the absence of tongue bites likely indicated that the victim had not had a seizure. Dr. Fierro testified that the victim sustained head injuries that were not caused by a fall, that those injuries caused the victim to develop pneumonia, and that pneumonia caused the

5

victim's death. Therefore, even if counsel had tried to impeach Dr. Fierro with the evidence that the victim suffered from a hematoma that caused her to have seizures, Jones has not shown how that would have changed the outcome of his case. Accordingly, this court finds that the state court's adjudication was neither contrary to, nor involved unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of the facts. Accordingly, the court dismisses this claim.

*B. Failure to "ask the judge for impeachment of the Commonwealth['s] two eye-witnesses" and failure to raise these claims on appeal*

Jones claims that counsel provided ineffective assistance when counsel failed to impeach two eye-witnesses on the basis of prior inconsistent statements and when counsel failed to raise those issues on appeal. The Supreme Court of Virginia dismissed the claim, finding that it failed both prongs of Strickland because

> [t]he record, including the trial transcripts, demonstrates [Jones's] counsel confronted both eyewitnesses with past inconsistent statements and elicited from them their criminal histories, and introduced into evidence a police report that showed a prior inconsistent statement made by one of the witnesses. [Jones] failed to identify any additional inconsistent statements that allegedly were not impeached. Furthermore, the selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal. Jones v. Barnes, 463 U.S. 745, 751-52 (1983). Thus, [Jones] has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.

Jones cites to portions of the trial transcript where he claims the witnesses testified inconsistently. The two witness testimonies he cites are those of Penny Martinez, an eye-witness to the altercation between Jones and the victim, and Investigator Mike Spiggle, an investigator with the Harrisonburg Police Department who interviewed Ms. Martinez. However, a review of the cited transcript reveals that counsel, in fact, confronted Ms. Martinez with inconsistences between her trial

testimony and the statements she made to Spiggle. Jones's counsel also followed up by calling Spiggle to testify as to what Ms. Martinez had told him. Jones does not name any other eyewitness who allegedly gave inconsistent testimony, and he cites no other inconsistent statements. Therefore, with regard to Ms. Martinez, the court finds that the record belies Jones's claim that counsel failed to impeach her testimony, and with regard to other general allegations, the court finds that Jones's claims are too vague and conclusory to support a constitutional claim. See Nickerson v. Lee, 971 F.2d 1125, 1126 (4th Cir. 1992) abrogated on other grounds by Yeatts v. Angelone, 166 F.3d 255, 261 n.2 (4th Cir. 1999). Further, the court finds that Jones has not stated any meritorious issue that counsel should have raised on appeal. See Clanton v. Bair, 826 F.2d 1354, 1359 (4th Cir. 1987). Accordingly, the court finds that the state court's adjudication did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law and was not based on an unreasonable determination of the facts. Therefore, the court dismisses these claims.

*C. Failure to object to testimony on the "ultimate issue"*

Jones alleges that counsel provided ineffective assistance in failing to object to Dr. Fierro's testimony as to the "ultimate issue." Jones, however, does not identify any of Dr. Fierro's testimony that constituted testimony as to the "ultimate issue." In adjudicating this claim, the state court found that the record, including the trial transcripts, demonstrated "that the medical expert testified the victim's death was caused by pneumonia resulting from a head injury. The expert did not testify to the ultimate issue, which was what had caused the head injury." Therefore, the court found that Jones's claim failed both prongs of Strickland.

The transcript of Dr. Fierro's testimony belies Jones's claim that Dr. Fierro testified as to the ultimate issue. Dr. Fierro testified that the victim had a head injury, that the head injury caused

pneumonia, and that the pneumonia caused her death, but she did not testify as to what or who had caused the head injury. Because Dr. Fierro did not testify as to the ultimate issue, the court cannot find that counsel was ineffective in failing to object to her testimony on that ground. Clanton, 826 F.2d at 1359. Moreover, because the Supreme Court of Virginia is the ultimate arbiter of the requirements of Virginia's "ultimate issue" rule, its determination that Dr. Fierro's testimony did not violate the rule is unassailable. Therefore, the court finds that the state court's adjudication did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law and was not based on an unreasonable determination of the facts. Accordingly, the court dismisses this claim.

### III.

Jones alleges that the trial court erred in allowing the medical expert, Dr. Fierro, to base her opinion on facts not in evidence. However, Jones raised this claim in the state court as a state law claim, and thus the claim is not cognizable federal habeas.

In raising this claim in state court, Jones only cited state court authority and did not address the Sixth and Fourteenth Amendment claims he raises here. But, to the extent Jones attempts to raise his claim in this court under state law, it fails because claims based on errors of state law are not cognizable in federal habeas. "The [federal] habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" Wilson v. Corcoran, 562 U.S. __, 2010 WL 4394137 at *2 (citing 28 U.S.C. §2254 (a)). Accordingly, the court finds that Jones's exhausted state law claim is not cognizable here.

To the extent Jones attempts to reposition the claim in this court under the Sixth and Fourteenth Amendments, it also fails. Ordinarily, "[t]he presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim." Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000) (citing Duncan, 513 U.S. at 366); see also Gray v. Netherland, 99 F.3d 158, 162-64 (4th Cir. 1996) (concluding petitioner had not fairly presented his legal argument to the state courts). But "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to state court." Baker, 220 F.3d at 288; see also Gray v. Netherland, 518 U.S. 152, 161 (1986). If Jones were to attempt to raise these claims to the Supreme Court of Virginia now, that court would find the claims are procedurally barred. See Va. Code §§ 8.01-654(A)(2) (setting the time requirements for the filing of a habeas petition) & (B)(2) (requiring habeas petitioners to raise all available grounds for relief in their first state petition for a writ of habeas corpus); see also Slayton v. Parrigan, 205 S.E.2d 680, 682 (1974) (claims that could have been raised at trial and on direct appeal but were not are procedurally defaulted). Consequently, Jones's claims are now simultaneously exhausted and procedurally barred from federal habeas review, Teague v. Lane, 489 U.S. 288, 297-99 (1989); Basette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990); Sparrow v. Dir., Dep't of Corr., 439 F. Supp.2d 584, 587-88 (E.D. Va. 2006), unless he shows either (1) cause and prejudice or (2) a miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991).[2] In this case, Jones offers nothing to excuse his procedural default. Accordingly,

---

[2] To show cause, a petitioner must demonstrate that there were "objective factors," external to his defense, which impeded him from raising his claim at an earlier stage. Murray v. Carrier, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must show that the alleged constitutional violation worked to his actual and substantial disadvantage, infecting his entire trial with error of a constitutional magnitude. Id. at 488. The "miscarriage of justice" exception is a narrow exception to the cause requirement. A habeas petitioner falls within this narrow exception if he can demonstrate that a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the

the court finds that these claims are barred from federal habeas review, and therefore, dismisses them.

## IV.

Jones claims that the trial court erred in allowing Dr. Fierro to testify as to the "ultimate issue" and that the prosecutor withheld exculpatory evidence. The Supreme Court of Virginia dismissed these claims as procedurally defaulted under Slayton v. Parrigan, because Jones could, but failed to, raise the claims at trial and on direct appeal. This court finds that Slayton is an independent and adequate state procedural rule which bars federal habeas review unless a showing of cause and prejudice or a miscarriage of justice excuses the procedural default. Because Jones offers nothing to excuse the default, the court dismisses the remaining claims.

A claim is defaulted where the state court expressly finds that review is barred by an independent and adequate state procedural rule. Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998); see also Lambrix v. Singletary, 520 U.S. 518, 523 (1997). Whether a rule is independent and adequate is a question of federal law. Henry v. Mississippi, 379 U.S. 443, 447 (1965). "A state procedural rule is adequate if it is regularly or consistently applied by the state courts, Johnson v. Mississippi, 486 U.S. 578, 587 (1988), and it is independent if it does not depend on a federal constitutional ruling, Ake v. Oklahoma, 470 U.S. 68, 75 (1985)." McNeill v. Polk, 476 F.3d 206, 211 (4th Cir. 2007). Therefore, a violation of "firmly established and regularly followed state rules" is adequate to foreclose review. Lee v. Kemna, 534 U.S. 362, 375 (2002). The Fourth Circuit has recognized Slayton as an independent and adequate procedural rule that renders the claim procedurally defaulted in this court. See Vinson v. True, 436 F.3d 412, 417 (4th Cir. 2006); see also

---

substantive offense. Id. at 496.

10

Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998); Mu'min v. Pruett, 125 F.3d 192, 196 (4th Cir. 1997); Bennett v. Angelone, 92 F.3d 1336, 1343 (4th Cir. 1996); Spencer v. Murray, 18 F.3d 229, 232 (4th Cir. 1994).

However, a state prisoner can obtain federal habeas review of a procedurally defaulted claim if he shows either (1) cause and prejudice or (2) a miscarriage of justice. Coleman, 501 U.S. at 750. In this case, Jones offers nothing to excuse his procedural default. Accordingly, the court dismisses Jones's remaining claims.

## IV.

For the reasons stated, the court grants respondent's motion to dismiss and dismisses Jones's § 2254 petition.

**ENTER:** This 15th day of December, 2010.

_____
United States District Judge